IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT L. SWAFFORD,** | |
| **Plaintiff,** | |
| v. | Case No. 20-CV-705-NJR |
| **ABIGAIL DINN, THOMAS JORDAN, RYAN A BLAKE, and STEVEN A. SMITH,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss Plaintiff Robert Swafford's Complaint filed by Defendant Thomas Jordan ("Jordan") (Doc. 26). For the reasons set forth below, the motion is granted.

### FACTUAL & PROCEDURAL BACKGROUND

On January 8, 2019, Robert L. Swafford ("Swafford") was crossing an intersection in West Frankfort, Illinois, when his vehicle was struck by a motorcycle (Doc. 7, p. 8). The motorcyclist died from the accident (*Id*. at p. 11). Local law enforcement obtained two surveillance videos from nearby businesses, and reconstructed the accident (*Id*. at pp. 8, 10-11).

Swafford was charged with violating 625 ILCS 5/11-904—failing to yield the right-of-way to other traffic after properly stopping (*Id*. at pp. 12-13). To defend him, Swafford hired Abigail Dinn ("Dinn") (*Id*. at p. 12). On January 8, 2020, a bench trial was held in

the Circuit Court for Franklin County, Illinois (*Id.*).

In February 2020, the Circuit Court for Franklin County found Swafford guilty of violating 625 ILCS 5/11-904 (*Id.* at p. 13). In March 2020, Swafford filed a Notice of Appeal (Doc. 26-2). Swafford's appeal was dismissed because "[Swafford] has yet to be sentenced in this case, there is no final appealable judgment at this time and therefore this court lacks jurisdiction to consider this appeal" (*Id.* at p. 2). Swafford's sentencing hearing was set for April 15, 2020 (Doc. 26-1, p. 2). To date, however, a sentencing hearing has not taken place (*Id.*).

On July 20, 2020, Swafford filed a *pro se* complaint naming Dinn and Jordan (Doc. 2).[1] That same day, Swafford also filed a Motion for Recruitment of Counsel (Doc. 3). Swafford's Motion for Recruitment of Counsel was denied (Doc. 4). In October 2020, the Clerk's Office sent Swafford a Pro Se Litigant Form and a copy blank summons forms for Swafford to serve Defendants. The Court advised Swafford to serve Defendants within 90 days. Swafford eventually filed Motions for Service of Process at Government Expense (Docs. 15, 16). The Court granted these motions (Doc. 17).

Swafford alleges Dinn, his attorney in the criminal matter, "violated [his] constitutional rights to justice in the court system on January 8th, 2020 and encouraged witnesses to lie and withhold the truth" (Doc. 2, p. 6). Swafford continues alleging that "[Dinn] had seen the video of the accident and told another attorney, that [Swafford] was not at fault" (*Id.* at p. 5). Then Swafford notes that the "Assistant State's Attorney Myra

---

[1] Swafford initially also named Ryan A. Blake and Steven A. Smith as defendants, but they were dismissed on February 25, 2021 (*see* Doc. 23) because they were simply witnesses to the accident.

Yelle had something to say and [Dinn] demanded: you don't need to say anything, I am taking care of everything" (*Id.*).

Swafford alleges Jordan, the Mayor of West Frankfort, barred anyone from seeing the video (*Id.* at p. 2). Swafford alleges Dinn was "obviously paid by Thomas Jordan to get a judgment against [him]" (*Id.* at p. 5).

Swafford seeks compensatory and punitive damages against Dinn and Jordan (*Id.* at p. 6). Swafford requests an order requiring the defendants to "[p]rovide an original copy of the video showing the accident and all 4 lanes of traffic; this is evidence of which Swafford was denied" (*Id.*). Swafford also requests for a declaration that "Jordan abused his position of Mayor of West Frankfort by making a false claim against [ ] Swafford claiming Swafford failed to yield" (*Id.*).

On December 22, 2020, Defendant Dinn filed a Motion to Dismiss for Failure to State a Claim (Doc. 18). In the motion, Dinn argues that Swafford's 42 U.S.C. § 1983 claim fails to allege any deprivation of constitutional rights or of any right under the laws of the United States (*Id.* at p. 2). Dinn continues by arguing that Swafford "fails to plead facts that Abigail Dinn, as Mr. Swafford's attorney, was acting under color of state law" (*Id.* at p. 3).

On February 5, 2021, the Court granted Dinn's Motion to Dismiss because Swafford failed to file a response (Doc. 22). The Court deemed Swafford's failure to respond and oppose Dinn's Motion to Dismiss for Failure to State a Claim as an admission of the merits of the motion. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

On March 23, 2021, Defendant Jordan filed a Motion to Dismiss for Failure to State

a Claim (Doc. 26). In the motion, Jordan argues that Swafford's allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Two days later, Swafford filed an objection to the Court's dismissal of Dinn (Doc. 28). Dinn timely responded to Swafford's objection (Doc. 29). Then, on May 11, 2021, Swafford filed another objection to the Court's dismissal of Dinn (Doc. 30). On May 27, 2021, Swafford filed a document titled "Patent of Value" (Doc. 31). To date, Swafford has failed to respond to Jordan's Motion to Dismiss (Doc. 26).

## ANALYSIS

### I. Swafford's Objections to Dismissal of Dinn

The Court construes Swafford's "Objections" as motions to reconsider because the Court's order on Dinn's Motion to Dismiss was an interlocutory order. District courts retain power to reconsider and modify an interlocutory order at any time prior to the entry of a final judgment. *See* FED. R. CIV. P. 54(b). Reconsideration of an interlocutory order is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* at 1192 (citation omitted).

Swafford does not argue any of the above, but instead notes that he consented to having Magistrate Judge Gilbert Sison preside over the proceeding—and that he did not consent to a change of judge (Doc. 28, p. 2). Swafford's objection then concedes that he

received Dinn's Motion to Dismiss on December 24, 2020, but alleges that the timing of Dinn's filing was deceitful because she knew that Swafford would "open the letter and set it aside to read after [the] Christmas Holiday" (*Id.*).

The fact that Swafford did not consent to a change of judge does not change anything. On July 20, 2020, the case was randomly assigned to Magistrate Judge Gilbert Sison pursuant to Administrative Order No. 257 (Doc. 1). Swafford was advised that his consent is required if the assigned Magistrate Judge is to conduct all further proceedings in the case. The July 20, 2020 order continued explaining:

> As set forth in Administrative Order No. 257, each party will be required to file a Notice and Consent to Proceed Before a Magistrate Judge Jurisdiction form indicating consent or nonconsent to the jurisdiction of the assigned Magistrate Judge. *If all parties do not consent to the Magistrate Judge's jurisdiction, the case will be randomly assigned to a district judge for all further proceedings and the parties cannot later consent to reassignment of the case to a magistrate judge.* The parties are further advised that they are free to withhold consent without adverse substantive consequences. Within 21 days of this Notice, the following party or parties must file the attached form indicating consent to proceed before the assigned Magistrate Judge or an affirmative declination to consent: Robert L. Swafford.

(Doc. 1) (emphasis added). Although it appears that some parties consented to magistrate judge jurisdiction, not all did. And even if there was a procedural error as to reassignment (there was not), the reassignment does not change the fact that Swafford failed to timely respond and oppose Dinn's Motion to Dismiss for Failure to State a Claim.

Further, the fact that Swafford received Dinn's Motion to Dismiss during the holiday season does not relieve him of timely responding to Dinn's Motion to Dismiss. Swafford concedes that he received the motion on December 24, 2020 (Doc. 28). Swafford

neither sought an extension of time to respond—nor does he explain why he waited until March 25, 2021, to address the motion to dismiss.² Accordingly, Swafford's "objections" are denied.

## II. Motion to Dismiss Filed by Jordan

On March 23, 2021, Defendant Jordan filed a Motion to Dismiss for Failure to State a Claim (Doc. 26). In the motion, Jordan argues that "[Swafford's] claim apparently seeks to upset the criminal conviction or find the criminal conviction was improper" (Doc. 26, p. 5). Jordan then cites *Heck v. Humphrey*, 512 U.S. 477 (1994), for the notion that "any request in this case to find the criminal conviction improper or that would imply the criminal conviction was invalid is improper" (*Id.*). According to Jordan, *Heck* bars a section 1983 lawsuit that would result in a judgment that "necessarily impl[ies] that an otherwise valid conviction if invalid." *Id.* at 487.

Swafford has failed to file a response to Jordan's Motion to Dismiss. Pursuant to Local Rule 7.1(c), a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Thus, the Court deems Swafford's failure to respond and oppose Jordan's Motion to Dismiss for Failure to State a Claim as an admission of the merits of the motion. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

But even if Swafford would have responded, his claim is still based on the assertion of innocence, and implicitly questions the validity of his violation. *See, e.g.*,

---

² On October 22, 2020, the Clerk of Court sent Swafford a copy of the Pro Se Litigant Guide. (Doc. 9). Page 8 of the Pro Se Litigant Guide explains motion practice and that "Local Rule 7.1 sets forth the deadlines and page limitations that apply to motions."

*Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("Okoro adhered steadfastly to his position that . . . he was framed; in so arguing he was making a collateral attack on his conviction, and *Heck* holds that he may not do that in a civil suit"). Like the plaintiff in *Okoro*, Swafford is attempting to make a collateral attack on his conviction by seeking a declaration from the Court that "Jordan abused his position of Mayor of West Frankfort by making a false claim against [ ] Swafford claiming Swafford failed to yield" (Doc. 1). Accordingly, it appears that "*Heck* kicks in and bars his civil suit." *Okoro*, 324 F.3d at 490; *see also Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016) ("if the incident unfolded as Tolliver alleges in his civil suit, then he could not have been guilty of aggravated battery of a peace officer . . . *Heck* bars his civil suit."); *Norris v. Baikie*, 2017 WL 395699, at *4 (N.D. Ill. Jan. 30, 2017) ("Plaintiff's factual allegations in this civil case and his adherence to his position that he did nothing wrong necessarily imply the invalidity of his criminal convictions, and Plaintiff's Fourth Amendment claims are barred by *Heck*.").

Even if *Heck* is inapplicable because this is a traffic or petty offense case, the Court would have to dismiss under the doctrine outlined in *Younger v. Harris*, 401 U.S. 37, 49 (1971). Under the *Younger* abstention, "principles of equity, comity, and federalism require a federal court to abstain from hearing a federal action challenging the constitutionality of a state criminal statute while the state is prosecuting the federal plaintiff in state court for violating that same statute." *Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043, 1044 (7th Cir. 1989). The *Younger* abstention is "designed to permit state courts to try state cases free from interference by federal courts." *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007) (citing *Hicks v. Miranda*, 422 U.S.

332, 349 (1975)).

The Supreme Court acknowledged that "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citations omitted). "The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature . . . ." *Id*. When the state proceeding is civil or quasi-criminal, federal courts must "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims . . . ." *Forty One News, Inc.*, 491 F.3d at 665–66 (quoting *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

For these reasons, the Motion to Dismiss filed by Defendant Jordan (Doc. 26) is **GRANTED**. Swafford's action is **DISMISSED with prejudice** for failure to state a claim. This entire action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

If Swafford wishes to contest this Order, he has two options. He can ask the Seventh Circuit Court of Appeals to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Swafford chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Swafford files a motion showing excusable neglect or good cause for missing the deadline and asking for an

extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Swafford cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Swafford plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Swafford wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of

judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Swafford showing excusable neglect or good cause.

**IT IS SO ORDERED.**

**DATED:   June 11, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**